E-FILED
Friday, 18 November, 2005  11:08:23 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

ARTURO RAMIREZ,               )
                              )
    Petitioner,          )
                              )
    v.                   )          05-3112
                              )
UNITED STATES OF AMERICA,     )
                              )
    Respondent.          )

## OPINION

RICHARD MILLS, U.S. District Judge

The Court now considers Petitioner Arturo Ramirez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## FACTS

On July 23, 2003, Petitioner was indicted for fraud and conspiracy to commit fraud in connection with identification documents.  See 18 U.S.C. §1028(a)(4) and 2; 18 U.S.C. §371 and §1028(a)(4).  On January 27, 2004, Petitioner pled guilty to the fraud count and admitted that he knowingly possessed identification documents.  On June 3, 2004, the

1

Court sentenced Petitioner to 15 months imprisonment, 3 years supervised release, $100 special assessment.

Petitioner did not appeal his conviction or sentence. However, on May 9, 2005, he filed the instant § 2255 habeas petition. Petitioner claims: (1) U.S.S.G. §2L2.1 was incorrectly used in determining his sentence, that the appropriate United States Sentencing Guideline was U.S.S.G. §2B1.1(a) and that his attorney was ineffective for failing to argue the improper application of U.S.S.G. §2L2.1; (2) the sentencing calculation under U.S.S.G. §2B1.1(a) would have given him a base offense level of 6, Criminal History Category I and an imprisonment range of 0-6 months and his 15 month sentence should be vacated; and (3) that the six level enhancement in his sentence was prohibited pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## ANALYSIS

A § 2255 motion to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established

by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." See 28 U.S.C. § 2255.  An ineffective assistance of counsel claim may be brought in a § 2255 motion, regardless of whether the claim was raised on appeal.  See Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

When a court reviews an ineffective assistance of counsel claim, the court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Holman, 314 F.3d 837, 840 (7th Cir.2002) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052).  There is therefore a strong presumption that counsel performed reasonably.  See Strickland, 466 U.S. at 690, 104 S.Ct. 2052; see also Cooper v. United States, 378 F.3d 638, 641 (7th Cir.2004).  To succeed in his claim, a petitioner must show "errors so serious that counsel was not functioning as the 'counsel' guaranteed [to him] by the Sixth Amendment . . . ." See Holman, 314 F.3d at 839 (quoting Strickland,

3

466 U.S. at 687, 104 S.Ct. 2052).

To establish ineffective assistance of counsel, a petitioner must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." See Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  An attorney's performance is deficient if it is "below an objective standard of reasonableness." Wiggins, 539 U.S. at 521, 123 S.Ct. 2527 (quoting Strickland, 466 U.S. at 688, 104 S.Ct. 2052). Prejudice is demonstrated by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).

Petitioner pled guilty to 18 U.S.C. §1028(a)(4), Fraud in Connection with Identification Documents.  Although Petitioner contends that U.S.S.G. §2B1.1 (Forgery; Offenses Involving Altered or

4

Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States) is the applicable guideline for that offense, he is plainly incorrect. Application Note 9(B) to U.S.S.G §2B1.1 states that:

> Offenses involving authentication features, identification documents, false identification documents, and means of identification, in violation of 18 U.S.C. §1028, also are covered by this guideline. If the primary purpose of the offense under 18 U.S.C. §1028, was to violate or assist another to violate, the law pertaining to naturalization, citizenship, or legal resident status, apply §2L2.1 (Trafficking in a Document Relating to Naturalization) or §2L2.2 (Fraudulently Acquiring Documents Relating to Naturalization), as appropriate, rather than this guideline.

Petitioner's Plea Agreement and Stipulation of Facts admits that the documents he possessed were sold to persons so they could remain in the United States and work in a legitimate job. Petitioner specifically stipulated:

> " . . . that during the period charged in the indictment, he possessed social security documents of 'Petra Frances Arellano' issued under the authority of the United States. Those documents were sold to an undocumented alien in Beardstown, Illinois. The documents were then used by the undocumented alien to obtain an Illinois driver's license in the name of 'Petra Frances Arellano' and then used to obtain employment in Beardstown, Illinois. The defendant knew that under the immigration laws of the United States the

5

undocumented alien was not lawfully employable nor lawfully
able to remain in the United States."

See R. 45, pp. 12-13.

By his own admission, Petitioner assisted another to violate the law
pertaining to naturalization, citizenship, or legal resident status.  Thus,
U.S.S.G. §2L2.1 was properly applied.  See U.S.S.G. App. Note 9(B).
Because U.S.S.G §2L2.1 was correctly applied, Petitioner's ineffective
assistance claim fails.

Next, Petitioner contends that by pleading to 18 U.S.C.
§1028(a)(4) he was only subject to a sentencing range of 0-6 months.
Petitioner reaches this conclusion on the premise that U.S.S.G. §2B1.1 is
the applicable guideline provision.  However, the proper guideline is
U.S.S.G §2L2.1 and the base offense level under that guideline is 11.
Because Petitioner admitted in his Plea Agreement that 48 sets of
identification documents were intercepted during the investigation of this
case, an additional 6 levels were added to the base offense level.  See
§2L2.1(b)(2).  This brought the offense level to 17.  After deducting
three levels for acceptance of responsibility, Petitioner had a total offense

6

level of 14.  With a total offense level of 14 and a criminal history

category of I, Petitioner had a sentencing range of 15-21 months.

Therefore, Petitioner's 15 month sentence was within the appropriate

guideline range.

Finally, Petitioner claims Apprendi dictates his sentence should be

reversed.  In Apprendi, the Supreme Court held that the Sixth

Amendment right to trial by jury requires that "[a]ny fact (other than a

prior conviction) which is necessary to support a sentence exceeding the

maximum authorized by the facts established by a plea of guilty or a jury

verdict must be admitted by the defendant or proved to a jury beyond a

reasonable doubt."  530 U.S. at 466, 120 S.Ct. 2348.  The statutory

maximum sentence for an 18 U.S.C. § 1028(a)(4) violation is 15 years in

prison.  As Petitioner received a sentence of only 15 months, Apprendi

decision clearly does not aid him.  Therefore, his Apprendi claims fail like

his other arguments.

Ergo, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

(d/e 1) is DENIED.  This CASE IS CLOSED.

IT IS SO ORDERED.

ENTER:  November 17, 2005

FOR THE COURT:                                  s/ Richard Mills
                                                United States District Judge